## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| INFINITY PHARMACEUTICALS, INC. *et al.*,[1] | Case No. 23-11640 (BLS) |
| Debtors. | (Jointly Administered) |

## NOTICE OF DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS AND FIXING OF CURE AMOUNTS

NOTICE IS HEREBY GIVEN, as follows:

1.      On October 23, 2023, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [D.I. 68] (the "Bid Procedures Order")[2] approving among other things (i) bid procedures (the "Bid Procedures") in connection with the sale of substantially all of the Debtors' assets (the "Assets") and (ii) procedures to determine cure amounts and deadlines for objections to certain contracts and leases to be assumed and assigned by the Debtors (the "Contract Procedures").

2.      At a hearing on December 8, 2023, at 10:00 a.m. (ET) or such other time as the Bankruptcy Court shall determine (the "Sale Hearing"), the Debtors intend to seek approval of the sale of the Assets (the "Sale") to such party as determined pursuant to the Bid Procedures to have submitted the highest or otherwise best bid for the Assets (the "Successful Bidder"). The Sale Hearing shall be before the Honorable Brendan L. Shannon, Judge at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 6th Floor, Courtroom No. 1, Wilmington, Delaware 19801. The Sale Hearing may be adjourned, from time to time, without further notice to creditors or parties in interest other than by announcement of the adjournment in open court or on the Bankruptcy Court's docket.

3.      The Debtors seek to have the Sale be free and clear of all liens, claims, encumbrances, defenses (including, without limitation, rights of setoff) and interests, including, without limitation, security interests of whatever kind or nature, mortgages, conditional sales or title retention agreements, pledges, deeds of trust, hypothecations, liens, encumbrances, assignments, preferences, debts, easements, charges, suits, licenses, options, rights-of-recovery, judgments, orders and decrees of any court or foreign or domestic governmental entity, taxes (including foreign, state and local taxes), licenses, covenants, restrictions, indentures, instruments, leases, options, off-sets, claims for reimbursement, contribution, indemnity or exoneration, successor, product, environmental, tax, labor, ERISA, CERCLA, alter ego and other liabilities,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Infinity Pharmaceuticals, Inc. (5706) and Infinity Discovery, Inc. (9480). The Debtors' mailing address is 1100 Massachusetts Avenue, Floor 4, Cambridge, MA 02138.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Bid Procedures Order and/or the Bid Procedures Motion.

causes of action, contract rights and claims, to the fullest extent of the law, in each case, of any kind or nature (including, without limitation, all "claims" as defined in section 101(5) of the Bankruptcy Code), known or unknown, whether pre-petition or post-petition, secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, perfected or unperfected, liquidated or unliquidated, noticed or unnoticed, recorded or unrecorded, contingent or noncontingent, material or non-material, statutory or non-statutory, matured or unmatured, legal or equitable to the maximum extent permitted by Bankruptcy Code section 363.

4.      At the Sale Hearing, the Bankruptcy Court may enter such orders as it deems appropriate under applicable law and as required by the circumstances and equities of the Chapter 11 Cases, and the Debtor, subject to the terms of the Successful Bidders' asset purchase agreement, may seek entry of an order which provides, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax and regulatory authorities, lenders, trade creditors, litigation claimants and other creditors, holding liens, claims, encumbrances or interests of any kind or nature whatsoever against or in all or any portion of the Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, liquidated or unliquidated or subordinate), arising under or out of, in connection with, or in any way relating to the Debtors, the Assets, the operation of the Debtors' business prior to the Closing Date or the transfer of the Assets to the Successful Bidder, shall be forever prohibited and permanently enjoined from (i) commencing or continuing in any manner any action or other proceeding, the employment of process, or any act (whether in law or equity, in any judicial, administrative, arbitral, or other proceeding) to collect or recover any interest; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order with respect to an interest, (iii) creating, perfecting, or enforcing any interest, or (iv) asserting any right of subrogation of any kind with respect to an interest, in each case as against the Successful Bidder or its designee, any of their respective affiliates or subsidiaries, or any of their respective representatives, or any of their respective property or assets, including the Assets.

5.      Pursuant to the Bid Procedures Order and the Contract Procedures approved therein, the Debtors intend to seek approval to assume and assign certain unexpired leases and executory contracts, pursuant to Bankruptcy Code section 365 (collectively, the "Contracts") to the Successful Bidder.  You have been identified as a party to a Contract (a "Contract Party") that the Debtors *may* seek to assume and assign.  The Contract with respect to which you have been identified as a non-Debtor party is set forth on **Exhibit 1** annexed hereto.  The Debtors assert that no consent of any Contract Party is required for the assumption or assignment of any Contract, regardless of the applicable terms of the Contract, by operation of Bankruptcy Code section 365.

6.      The Debtors believe that any and all defaults (other than the filing of the Chapter 11 Cases), actual pecuniary losses and any amounts due under the Contract can be cured and satisfied in full by the payment of the cure amounts (the "Cure Amounts"),which are also set forth on **Exhibit 1**; provided, however, the Debtors may adjust the Cure Amount with respect to any Contract on **Exhibit 1** as necessary and in accordance with the Bidding Procedures.  **The inclusion of a Contract on Exhibit 1 hereto is not, and should not be deemed to be, an agreement or acknowledgement by the Debtors that such Contract is an executory contract or unexpired lease under Bankruptcy Code section 365 or that such Contract will be assumed and assigned by the Debtors; the Successful Bidder has the right up to the Closing to determine whether or not to have your Contract assigned.**

7.      Any party objecting to (i) any of the Cure Amounts set forth on **Exhibit 1** hereto, and/or (ii) the proposed assumption and assignment of any Contract in connection with the Sale, including, without limitation, the Debtors' ability to assign the Contract without the Contract Party's consent, and/or (iii) the adequate assurance of future performance to be provided by the Successful Bidder, as applicable, must file with the Bankruptcy Court and serve an objection (a "Contract Objection") in writing, setting forth with specificity any and all obligations that the objecting party asserts must be cured or satisfied in respect to the Contract, and/or any and all objections to the potential assumption and assignment of such Contract, together with all documentation supporting such cure claim or objection, upon: (i) counsel for the Debtors, Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801 (Attn: Matthew B. McGuire, Esq. (e-mail: mcguire@lrclaw.com) and Matthew R. Pierce (e-mail: pierce@lrclaw.com); and Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007 (Attn: George Shuster, Esq. (e-mail: george.shuster@wilmerhale.com) and Benjamin Loveland, Esq. (e-mail: benjamin.loveland@wilmerhale.com)); and (ii) the Office of the United States Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: Jane M. Leamy, Esq. (email: jane.m.leamy@usdoj.gov)) **so as to be received before 4:00 p.m. (ET) on December 1, 2023** (the "Contract Objection Deadline"); provided, however, that if the Debtors amend the Cure Notice to add a contract or lease, the Contract Party shall have until the later of (a) fourteen 14 days after service of the Cure Notice, and (b) the Sale Hearing to submit a Contract Objection (the "Amended Contract Objection Deadline"); provided further, that if the Debtors amend the Cure Notice to reduce the Cure Amount of a Contract, except where such reduction was upon mutual agreement of the parties, the Contract Party shall have until fourteen (14) days after service of the amended Cure Notice to object to the Cure Amount; and provided further, that Contract Parties shall be able to assert an objection at or before the Sale Hearing to the assignment of executory contracts and unexpired leases to such Successful Bidder solely on the grounds that the proposed assignment does not comply with 11 U.S.C. § 365(b)(1)(C), with any such objection that is not resolved prior to or at the Sale Hearing to be heard at a later- scheduled hearing as the Bankruptcy Court deems appropriate.[3]

8.      In the event an Auction will occur, no later than 4:00 p.m. (ET) on December 4, 2023, the Debtors shall provide e-mail or fax notice containing the identities of all Qualified Bidders (the "Qualified Bidder Notice") to all Contract Parties who timely submitted a written request for such notice pursuant to the instructions below.  The Debtors shall file notice of the identity of the Successful Bidder, and the Back-up Bidder, and the amount of the Successful Bid and Back-up Bid with the Court no later than one (1) business day after the close of the Auction. At that same time, the Debtors shall serve notice of the foregoing information (the "Successful Bidder Notice") by email or fax to all Contract Parties and creditors who have timely requested notice of such information.  To receive a copy of the Qualified Bidder Notice and the Successful Bidder Notice, a Contract Party must submit a written request in writing to Debtors' counsel, Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801, Attn:

---

[3] Bankruptcy Code section 365(b)(1)(C) provides: "If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee provides adequate assurance of future performance under such contract or lease."

Joshua B. Brooks, Esq. (e- mail: brooks@lrclaw.com) and provide Debtors' counsel with their email addresses or fax numbers by no later than December 4, 2023.

9.      Where a Contract Party to a Contract files an objection meeting the requirements of paragraph 6 herein, objecting to the assumption by the Debtors and assignment to the Successful Bidder of such Contract and/or asserting a cure amount higher than the proposed Cure Amount listed on this notice, the Debtors, the Contract Party and the Successful Bidder shall meet and confer in good faith to attempt to resolve any such objection without Bankruptcy Court intervention.  In the event the Contract Objection is not resolved, such Contract Objection will be heard at the Sale Hearing or thereafter.  To the extent it is determined that the Cure Amount exceeds the amount set forth on **Exhibit 1** hereto, the Successful Bidder may determine not to have such Contract assumed and assigned to it.

10.      If no Cure Amount is due, or no other amount is due or owing under the Contract, and the Contract Party to such agreement does not otherwise object to the Debtors' assumption, sale and assignment of such agreement, no further action needs to be taken on the part of that Contract Party.

**11.      Unless an objection to the assumption and assignment of a Contract is filed and served before the Objection Deadline (or the Amended Contract Objection Deadline, as applicable), all Contract Parties shall be (i) forever barred from objecting to the proposed Cure Amounts and from asserting any additional cure or other amounts (other than as may be asserted in an Additional Cure Notice), and the Debtors and the Successful Bidder shall be entitled to rely solely upon the proposed Cure Amounts set forth in the Cure Notices; (ii) deemed to have consented to the assumption and assignment of the Contracts; (iii) forever barred and estopped from asserting or claiming against the Debtors or the Successful Bidder that any additional amounts are due or other defaults exist (other than as may be asserted in an Additional Cure Notice), that conditions to assignment must be satisfied under such Contracts, including, without limitation, any consent rights, or that there is any objection or defense to the assumption and assignment of such Contracts, including without limitation adequate assurance of future performance; (iv) precluded from objecting to the Cure Amount (if any) and the assumption and assignment; and (v) barred and estopped from asserting or claiming that their Contract contains an enforceable consent right.**

12.      The Debtors' decision to assume and assign a Contract is subject to the Successful Bidder's, as applicable, designation in accordance with the Contract Procedures and the Bankruptcy Court's approval of and consummation of the Sale.  Absent consummation of the Sale, a Contract shall not be deemed assumed and assigned and shall in all respects be subject to further administration under the Bankruptcy Code.  The designation of any agreement as a Contract shall not constitute or be deemed to be a determination or admission by the Debtors or the Successful Bidder that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code (all rights with respect thereto being expressly reserved including, for the avoidance of doubt, the Debtors' right to change the designation of any agreement as an executory contract or unexpired lease under Bankruptcy Code section 365 at any time prior to the Closing Date).

Dated:  November 17, 2023
   Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*

Matthew B. McGuire (No. 4366)
Matthew R. Pierce (No. 5946)
Joshua B. Brooks (No. 6765)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile:  (302) 467-4450
Email: mcguire@lrclaw.com
   pierce@lrclaw.com
   brooks@lrclaw.com

*Counsel to the Debtors and Debtors-in-Possession*